[637 NYS2d 312]

In the Matter of JAMES J. KELLEHER (Admitted as JAMES JOSEPH KELLEHER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 22, 1996

## APPEARANCES OF COUNSEL

*Frank A. Finnerty,* Syosset *(Robert P. Guido* of counsel), for petitioner.

*Newman & Schwartz,* New York City *(Richard A. Greenberg* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with one allegation of professional misconduct. The Special Referee sustained the charge. The respondent moves to confirm in part and to disaffirm in part, with respect to certain alleged errors of fact, the report of the Special Referee, and to vacate his interim suspension. The petitioner cross-moves to confirm the report of the Special Referee and to impose such discipline upon the respondent as the Court deems just and proper.

The petition charged that on or about January 29, 1993, a criminal information was filed in the United States District Court for the Eastern District of New York, charging respondent with one count of conspiracy to defraud the United States in violation of 18 USC § 371. On January 29, 1993, the respondent entered a plea of guilty to that information before the Honorable Arthur D. Spatt. On January 14, 1994, the respondent was sentenced by Judge Spatt to a term of probation of three years with the special conditions of three months' home detention, except for employment purposes and medical visits, and 300 hours of community service. The respondent was also fined $40,000 and directed to pay a special assessment of $50.

The respondent knew or should have known that in committing the aforesaid acts, he was guilty of professional misconduct within the meaning of 22 NYCRR 691.2.

Based on the uncontroverted evidence, including the respondent's admissions and the stipulation entered into between counsel, the Special Referee properly sustained the charge of professional misconduct. The respondent's motion is granted only to the extent that the charge is sustained and is denied in all other respects, and the petitioner's cross motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to impose, we have considered the respondent's previously unblemished record, the character testimony and letters submitted on his behalf by prominent members of the community, his remorse for his aberrant conduct, and his deep and long-lasting community involvement. We also note the large sums of cash involved and the respondent's incredible naiveté. Under the circumstances, the respondent is suspended from the practice of law for two years.

Mangano, P. J., Balletta, Rosenblatt, Thompson and Sullivan, JJ., concur.

Ordered that the respondent's motion to confirm in part and disaffirm in part the report of the Special Referee and to vacate his interim suspension is granted only to the extent that the charge is sustained and the motion is otherwise denied; and it is further,

Ordered that the petitioner's cross motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, James J. Kelleher, is suspended from the practice of law for a period of two years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, James J. Kelleher, shall continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.